# The United States District Court
## In The Boston Municipal Court-Brighton

*FILED IN CLERKS OFFICE 2021 [OCT] 12 PM 12: 51 DISTRICT COURT DISTRICT OF MASS*

Petitioner-Defendant
Richard Howard Clemons

File no.
L.C. File no. 2108CR257
2108CR258

V

Respondent-Plaintiff
The Commonwealth of Massachusetts et al.,

_____/

**Notice and motion to remove a state court
Criminal proceeding pursuant to 28 USC 1455**

NOW COMES THE DEFENDANT RICHARD CLEMONS IN PRO PER AND STATES AS FOLLOW:

**( Jurisdiction )**

The United States District court has Jurisdiction over this matter pursuant to 28 USC 1331

**( The Complaint )**

1) That the defendant is the petitioner in this proceeding. The defendant was brought before the Boston Municipal Court-Brighton in the

above referenced matter on 9-8-21 as he was arrested for an alleged trespass at Harvard University on 9-7-21 contrary to Mass. G.L.C. 266:120, whereby the statutory penalty upon conviction of such violation is 30 days in jail and or a 100.00 Fine.

2) The defendant-petitioner was arraigned on 9-8-21 before such state court and released upon his own recognizance. The state court took judicial notice of defendant's arguments that as an initial matter of probable cause, there was no trespass as a matter of law as the defendant was an **applicant in processing** to the school and thereby was lawful in his use of facilities that were otherwise open unless otherwise conspicuously proscribed, pursuant to orders issued by Harvard University administration. The respondent's trespass arrest forbids the defendant from re-entry to Harvard University properties to perfect the conclusion of his application but that such application **may have** constituted a **license** to proceed lawfully on Harvard University. The court below concluded verbally that under such circumstances the order to stay from Harvard and or it's **properties** would be in effect **not upon conclusion of the case but "until the conflict was resolved."**[1]

3) The defendant was and is released upon his recognizance and maintains contact with both Cambridge and Harvard police daily to ensure his presence in the court- yet otherwise does not violate the court's prohibitions[2].

4) On 9-8-21 the defendant contacted Assistant Dean Shirley Greene alerting her of the trespass.

5) Respondent Shirley Greene by way of email on 9-9-21 demanded proof of defendant's application.

---

[1] The defendant is being careful to quote the judges language here to preclude falsity of the record. And as of 10-4-21 at 10:34 AM a **no contact order has not been entered by Harvard University according to Lieutenant Harrington but it appears that if the trespass order can "be researched" the undersigned would "not have a right to contact Harvard University"**. These conclusions were reached by the Lieutenant in reference to this defendant-petitioner attempting to complete his application **remotely by computer which appeared to upset the lieutenant.** This writer is confused as to why. **Dispatcher Bennett (badge number 504) stated she saw no reason as to why this writer could not finish his application online as long as he did not go on Harvard University property.**

[2] There has been no physical property easement objections as the defendant is maintaining a presence at a nearby hotel until his homelessness is resolved.

6) On 9-10-21, the defendant satisfied this demand. The defendant made clear that to follow the Dean's instructions he would **require the assistance of an ADA OFFICER designated by all schools authorized to receive federal financial aid programs** and that apparently, the completion of a course **according to Assistant Dean Shirley Greene's instructions, was required** to perfect the defendant's application to the school.

7) On 9-10-21 at approximately 1;34 pm, the defendant's private *trust* attorney James Thomerson[3] contacted respondent's General Counsel to ensure respondent of defendant's legitimate need for an ADA official and to resolve **trespass conflict pursuant to the lower court's orders**. After being ignored, Attorney James Thomerson will testify that he attempted to contact the respondent's **four** more times and was not answered.

8) The lower court's order evidenced an intent that the defendant put forth a good faith effort to **resolve the conflict of the license as an applicant of the school,** and the refusal to resolve the grievances of defendant and his *Trust* Attorney directly impacts defendant's ability to justify his use of resources to perfect the application and apparently, respondents maintain the trespass **absent any authority as to why**[4].

### ( Claim for Relief )

1) The State issued Trespass order unlawfully obstructs the petitioner's free speech under the 1st Amendment and should not be upheld as a lawful use of police power

2) The Harvard University Police "research" of a no contact **order** that has not been sanctioned by a court of jurisdiction, Harvard

---

[3]

[4] Respondent being a *private* university is of no moment here. Their receipt of federal funds preclude discrimination in the use of the school and **their refusal to issue some answer, demands a presumption of discrimination against defendant's mental illness as a matter of law.** The respondent also accepts state grants and funding by **contract** from private sources that **forbids discrimination against the mentally ill. It also appears that the lieutenant in his discussion is engaging in the unauthorized practice of law as a NO CONTACT ORDER HAS NOT BEEN ENTERED BY ANY COURT AND THIS IS A CIVIL MATTER.**

    University policies nor the Commonwealth of Massachusetts Prosecutor's office constitutes the unauthorized practice of law. The Police instruction that the defendant-petitioner "has no right to contact" Harvard University is too broad and effectively creates a hostile environment sufficient to chill this writer's goal to seek an ADA agent designated by the school to perfect his application to go forward. The defendant-petitioner should not be afraid to access Harvard University's application process nor request the assistance of an ADA official to perfect his application pursuant to 29 USC 794, if as threatened, subjects him to arrest and or prosecution under 18 USC 1030 (2)(b).

3) In light of the record below being **completely devoid of any evidence that the petitioner did not have prior approval of Harvard University *administration* to apply to the school**, the defendant-petitioner asserts that the Commonwealth of Massachusetts **must** come forward with a neutral explanation for its state action because its use of a **criminal** proceeding to address a clear civil matter by the police, expands this court's judicial scrutiny and invokes a presumption of **discrimination of the mentally ill in a fundamental step of the criminal process as a matter of law** *Batson v Kentucky*, 476 U.S. 79 (1986).

**WHEREFORE,** the defendant who is the petitioner in this matter, prays the court enter an order that would facilitate resolution of the issue prior to trial by way of it's awesome equitable powers granted by The Congress as **by these facts stated under oath, it appears that the Commonwealth of Massachusetts is in violation of the Supremacy Clause of the United States Constitution.**

                                                  Respectfully Submitted,
                                                  Richard Clemons

                In % Attorney James Thomerson
                326 S. Broadway
                Lexington, Ky. 40508
                /s/ Richard Clemons
                10-4-21.

**Declared under penalty of perjury pursuant to 28 usc 1746**

**Proof of service:**
**Defense counsel of record being fully advised, will deliver a copy of the above on the Municipal Attorney for the Commonwealth listed in Brighton on 10-4-21.**